UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. SHELLENBARGER, JR.,

    Petitioner,                              Case No. 1:14-cv-817

v.                                                Honorable Gordon J. Quist

MARY K. BERGHUIS,

    Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition and because Petitioner has filed a motion to stay, the Court will not dismiss the action at this time. Petitioner's motion to stay sufficiently satisfies the requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), thus

the Court will stay this action pending Petitioner's complying with the further directions of this Court set forth in the attached order.

## Discussion

### I.     Factual allegations

Petitioner David L. Shellenbarger, Jr. is a state prisoner incarcerated at the Earnest C. Brooks Correctional Facility. On November 10, 2011, he was convicted in the Ionia County Circuit Court of armed robbery, MICH. COMP. LAWS § 750.529. He was sentenced as a fourth-offense felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 22 to 50 years. Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court, asserting that: (1) Petitioner was denied due process of law where jurors observed him in shackles and prison uniform; (2) Petitioner was denied a fair trial where defense counsel failed to object to hearsay; and (3) Petitioner is entitled to resentencing due to inaccurate OV scoring. The Michigan Court of Appeals affirmed the judgment of conviction on January 22, 2013, but remanded for resentencing.[1] The Michigan Supreme Court denied leave to appeal on June 25, 2013.

In his application for habeas corpus relief (docket #1), Petitioner asserts the same three grounds for relief that he asserted on appeal from his conviction. In a motion filed contemporaneously with the petition (docket #3), Petitioner requests a stay in this action so that he may exhaust additional claims that were not raised on appeal before the Michigan appellate courts.

### II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[1] It is unclear if the 22 to 50 year term of imprisonment was Petitioner's original sentence, or is the sentence he received after the case was remanded to the trial court for resentencing.

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

In this case, it is clear that Petitioner intends to assert one or more claims that were not previously raised in the Michigan appellate courts, and that he intends to bring those claims in a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). It appears that Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his unexhausted claims, Petitioner must file a motion for relief from judgment in the Ionia County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 25, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 23, 2013. Accordingly, absent tolling, Petitioner would

have one year from that date, until September 23, 2014, in which to file his habeas petition. Petitioner timely filed the instant petition on August 1, 2014, 53 days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*,

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

As previously noted, concurrently with this petition, Petitioner filed a motion to stay proceedings. In his motion, Petitioner avers that he has discovered numerous meritorious claims and that he has not intentionally delayed bringing his claims in the state courts. Petitioner requests a stay of this action to exhaust his unexhausted claims in state proceedings.

The Court concludes that Petitioner has sufficiently satisfied the requirements set forth in *Rhines*. Accordingly, Petitioner's motion to stay the petition (docket #3) will be granted.

An Order consistent with this Opinion will be entered.


Dated: October 7, 2014                              /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE